[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the plaintiffs, Nikki Judith Roman and Russell Atkins seek a temporary and permanent injunction forbidding the defendants, Jean and Stanton Johnson interfering with the plaintiffs' use of a drive and stairs on the south of plaintiffs' property; a temporary and permanent injunction requiring the defendants to remove any and all obstructions and structures on said drive and stairs blocking plaintiffs' access; a temporary and permanent order requiring the defendants to replace and refurbish all materials removed from the stairs and restore the possibility as it was prior to the defendants' activities. In addition the complaint claims damages, attorney's fees and other relief in law or equity which may appertain.
The respective properties of the parties abut each other and this action has arisen because of alleged actions of the defendant Stanton Johnson, on July 13, 1995, in erecting a chain across the said driveway and a fence across the lower portion of the driveway, blocking ingress and egress to plaintiffs' property by vehicles. In addition, on July 16, 1995, the defendant Stanton Johnson removed upper steps and a landing of the stairs leading to plaintiffs' property and placed a fence across the remaining stairs, thus blocking access to them; finally, on September 13, 1995, the defendant Stanton Johnson blocked off the entire driveway and stairs by installing five (5) concrete Jersey barriers, blocking all access to the plaintiff's property from the drive and stairs.
The plaintiffs' claim the relief sought by virtue of a prescriptive right to use the accessway by drive and stairway, a portion of which is admitted to be on the defendants' property, CT Page 167 by the use of the drive and stairway in an open, notorious adverse, hostile and continuous manner for more than 15 years.
This matter was heard before Judge Moran, Superior Court Judge on November 13, 1995 on the application for a temporary injunction which was granted, and an order issued, granting the relief sought, resulting in the defendant Stanton Johnson removing the Jersey barriers and fence. To the date of trial before this court, the defendant has not yet replaced the upper portion of the stairs on his property.
It would serve no useful purpose to recount all the testimony, including the exhibits in the case. The respective properties are located in the Stevenson section of the Town of Monroe, and access to the properties is obtained through private roads and undeveloped trails. It would be difficult for the court, which has viewed the locale, to describe the terrain, and even more difficult for anyone reading such description, to obtain and accurate picture of the scene.
Suffice it to say, based on the courts view, the testimony and a stipulation of facts, the court finds that the plaintiffs have used the drive and stairs in question for more than 15 years in a continuous hostile, open and adverse manner, without permission from either the defendants or their predecessors in title. The plaintiffs' rights had fully accrued before any attempt to block such use were employed. See C. G. S. § 52-575 and § 47-38. The defendants offered no testimony to counteract the plaintiffs' claim.
The temporary injunction is hereby ordered made permanent; the defendants are ordered to restore the portions of the steps which they removed; are permanently enjoined from engaging in any activities which will interfere with the plaintiffs right to use the drive, steps and park cars in the area just south of the stairs. The parties are further ordered to prepare an easement in recordable form identifying the areas of use and access on defendants' property.
The court will assign for a hearing, further claims for relief such as damages and further legal and equitable claims sought in the complaint, upon application for the same.
BELINKIE, JUDGE TRIAL REFEREE CT Page 168